### C. D. HAGLER v. THE STATE.

No. 14004.  Delivered December 3, 1930.
Reported in 33 S. W. (2d) 448.

*Crane & Hartwell* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—On October 9, 1930, an application for a writ of mandamus was filed in this court seeking to have Hon. F. L. Wilson as Special Judge, or in the alternative Hon A. W. Cunningham as the Regular Judge,—approve an appeal bond in the case of Hagler v. State, appealed from Willacy county, Texas. Before the matter could be submitted here and disposed of this court acted upon the appeal in said case and affirmed the judgment, and no motion for rehearing was ever filed. In such event action upon this application becomes unnecessary, save for the purpose of correctly announcing the law applicable to the situation presented.

Art. 818, C. C. P. provides for the giving of a bail bond upon an appeal from conviction in a trial court, and specifies that the bond "Must be approved by such sheriff and the court trying said cause, or his successor in office." From the application before us it appears that Judge F. L. Wilson acted as Special Judge upon the trial of Hagler. After the adjournment of said Special Term, or the termination of the trial of said Hagler, the Regular Judge re-

sumed his office, and at the time of the presentation of the appeal bond was in all things acting as judge of said court. Judge Wilson had removed from Willacy county to Ellis county at the time the bond was presented, and appears to have declined to approve the bond, being in some doubt as to his authority so to do. Judge A. W. Cunningham, the regular judge of said court, declined to approve the appeal bond, also expressing some doubt as to his authority in the premises. There was no question as to the sufficiency of the bond or the solvency of the sureties. The exact point not having been presented to this court before, and being one which might arise at any time, leads us to express the opinion here that the appeal bond in the instant case might have been approved by either the special judge who tried the case, or the regular judge after his resumption of the discharge of his duties as judge, who for such purpose might with propriety be regarded as the successor in office of the special judge who had presided at the trial. Such would have been our holding upon this application. There being, however, now no necessity for granting said application, same is for that reason denied.

*Overruled.*

Hawkins, J., absent.